In the Matter of the Application of ROSE AUSTER, Respondent, for a Writ of Habeas Corpus to Determine the Custody of WILLIAM M. WEBERMAN, an Infant. MYRON WEBERMAN, Appellant.— In a proceeding, by way of a writ of habeas corpus, to determine custody of the infant son of the parties, Myron Weberman appeals from two orders dated, respectively, October 9 and December 4, 1950, each of which sustained the writ conditionally by providing that custody would be awarded to the respondent, Rose Auster, the mother of the infant, on default by the father in complying with certain directions, contained in such orders, providing for the secular education of the infant. The parents of the infant had been divorced in 1947, by a decree obtained by the mother in an action commenced in the State of Nevada. Thereafter, by agreement, the custody of the infant son of the parties was given to the father. In this proceeding, the mother sought custody on the ground, among others, that the infant had been enrolled by his father in a Jewish parochial school, not approved by the Board of Regents of the State of New York or the board of education of the city of New York, that the school in which the infant was enrolled did not include in its curriculum subjects required to be taught by the pertinent provisions of the Education Law, and that the infant, consequently, was being deprived of a proper education, in violation of law, and to his detriment. The father opposed the application, on the ground that, according to his interpretation of the laws of the Orthodox Jewish religion, systematic secular instruction is

forbidden, and invoked his constitutional rights to follow the dictates of his conscience in religious matters, and in the education of his infant son. Both parents are Orthodox Jews and desire that their son be brought up according to the precepts of their faith. Respondent contends, however, that systematic secular education is not prohibited by the Orthodox Jewish law. Orders affirmed, with one bill of $10 costs and disbursements. The father has, as against the mother, no constitutional right to the custody of his son, nor any such paramount right to dictate the details of his religious instruction and secular education as will prohibit the court from providing for custody in the mother, unless the father shall comply with conditions imposed by the court to promote the welfare of the infant. We do not pass upon the appeals by the respondent from the orders, insofar as they award custody to appellant. Respondent's appeals have not been perfected as required by the rules. Nolan, P. J., Carswell, Johnston, Wenzel and MacCrate, JJ., concur. [198 Misc. 1055.] [See *post*, p. 784.]